IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA RUDE | : CIVIL ACTION |
|     Plaintiff | : |
| V. | : NO. |
| GMAT LEGAL TITLE TRUST 2013-1 | : |
| US BANK, NA and RMS ASSET | : ASSIGNED TO: |
| MANAGEMENT, LLC | : |
|     Defendants | : JURY TRIAL OF TWELVE DEMANDED |
| | : |

## *NOTICE OF REMOVAL*

Defendants, RMS Mortgage Asset Trust 2012-1 and Residential Mortgage Solutions, LLC, improperly identified as RMS Asset Management, LLC in the Court below (hereinafter "Defendants"), by and through its attorneys, Forry Ullman, hereby files the following Notice of Removal:

  1.  A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about September 23, 2016. The Complaint was docketed as Philadelphia County Court of Common Pleas September Term 2016 No. 2701. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

  2.  Defendants were served with a copy of the Complaint on or about September 29, 2016,.

  3.  The Complaint alleges that Plaintiff, Barbara Rude ("Rude"), is an adult individual and is a citizen of the Commonwealth of Pennsylvania, residing at 12439 Barbary Road, Philadelphia, Pennsylvania, as of the date of the filing of the Complaint. *See*

Exhibit "A" at ¶ 1. It is further believed that Plaintiff remains a citizen of the Commonwealth

4. The Complaint alleges that Defendant, Defendant, GMAT Legal Title Trust 2013-1 US Bank, NA ("GMAT"), is a business organization organized under the laws of the Sate of Colorado with a registered address at 8742 Lucent Blvd., Suite O, Highland Ranch, CO 80219, as of the date of the filing of the Complaint. *See* Exhibit "A" at ¶ 2.

5. The Complaint alleges that Residential Mortgage Solutions, LLC, improperly identified as RMS Asset Management, LLC ("RMS"), is an Defendant, Defendant, GMAT Legal Title Trust 2013-1 US Bank, NA ("GMAT"), is a business organization organized under the laws of the Sate of Colorado with a registered address 2800 28th St., No. 102, Santa Monica,, CA 90405, as of the date of the filing of the Complaint. *See* Exhibit "A" at ¶ 3.

6. RMS Mortgage Asset Trust 2012-1 and Residential Mortgage Solutions, LLC, improperly identified as RMS Asset Management, LLC are in fact California business entities.

7. Plaintiffs' Complaint alleges she was injured as a result of a trip and fall on a sidewalk at a property located 3141 Byberry Road, Philadelphia, PA 19154 for which RMS had a duty to prevent. *See* Exhibit "A" at ¶¶ 10 -12, 14.

8. The Complaint alleges that Plaintiff suffered permanent injuries, including but not limited to a fractured ankle, tendonitis, and right knee injuries. Id at 15.

9. Plaintiff further claims economic losses related to lost wages, reduced earing capacity and unpaid medical bills, and permanent disfigurement. Id. at ¶¶ 17 – 20.

10. Defendants are filing this Notice of Removal in that diversity of citizenship exists between Plaintiff, citizens of Pennsylvania, and all defendants, alleged citizens of Missouri.

11. In addition, the amount in controversy exceeds the jurisdictional amount of $75,000.00. Plaintiff has specifically demanded an amount in excess of fifty thousand dollars ($50,000.00) and the complaint includes allegations of recklessness which may support the assessment of punitive damages in an amount in excess of the jurisdictional limits.

12. Although Defendants vigorously disputes punitive damages are warranted or available in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied. Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 64 S.Ct. 5 (U.S. Ala. 1943); Henderson v. Nationwide Mutual Ins. Co., 169 F.Supp.2d 365, 368 (E.D.Pa. 2001)(attorneys fees, interest and "punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action")(*citing* Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)).

13. Removal is timely under 28 U.S.C. § 1446 (b), because less than thirty (30) days have elapsed since service of the Complaint on Defendants.

14. Defendants will give written notice of the filing of this Notice to Plaintiff as required by 28 U.S.C. § 1446 (d).

15. A copy of this Notice will be filed with the Prothonotary of Philadelphia County, as required by 28 U.S.C. § 1446 (d).

**WHEREFORE,** Defendants, RMS Mortgage Asset Trust 2012-1 and Residential Mortgage Solutions, LLC, improperly identified as RMS Asset Management, LLC requests that this action proceed in this Court as a Civil Action properly removed.

Dated: 10/27/16

By: /s/ Michael F. Schleigh

FORRY ULLMAN
DAVID T. BUSH, ESQUIRE
MICHAEL F. SCHLEIGH, ESQUIRE
*Attorney for Defendants,*
RMS Mortgage Asset Trust 2012-1 and
Residential Mortgage Solutions, LLC,
improperly identified as RMS Asset
Management, LLC
Attorney I.D. NoS. 32131/ 88407
Walnut Hill Plaza, Suite 450
King of Prussia, PA  19406
(610) 977-2975

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA RUDE | : CIVIL ACTION |
|         Plaintiff | : |
| V. | : NO. |
| GMAT LEGAL TITLE TRUST 2013-1 | : |
| US BANK, NA and RMS ASSET | : ASSIGNED TO: |
| MANAGEMENT, LLC | : |
|         Defendants | : JURY TRIAL OF TWELVE DEMANDED |

## *NOTICE OF REMOVAL*
### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, a true and correct copy of Defendants' Notice of Removal was served upon the following, by mailing the same by First Class United States Mail, postage pre-paid, addressed as follows:

    William F. Thompson, Jr., Esquire
    Gilbert and Thompson Law Offices
    952 Trenton Rd.
    Fairless Hills, PA 19030

Dated: 10/27/16

By: FORRY ULLMAN
*/s/ Michael F. Schleigh*
DAVID T. BUSH, ESQUIRE
MICHAEL F. SCHLEIGH, ESQUIRE
*Attorney for Defendants,*
RMS Mortgage Asset Trust 2012-1 and
Residential Mortgage Solutions, LLC,
improperly identified as RMS Asset
Management, LLC
Attorney I.D. Nos. 32131/ 88407
Walnut Hill Plaza, Suite 450
King of Prussia, PA  19406
(610) 977-2975

**GILBERT AND THOMSON LAW OFFICES**
BY: William F. Thomson Jr., Esquire
Attorney I.D.: 44246                    Attorney for Plaintiff
952 Trenton Road
Fairless Hills, PA 19030
(215) 337-9300



| | |
|---|---|
| Barbara Rude | COURT OF COMMON PLEAS |
| 12439 Barbary Road | PHILADELPHIA COUNTY |
| Philadelphia, PA 19154 | |
| | |
| v. | CIVIL ACTION – LAW |
| | |
| GMAT Legal Title Trust | |
| 2013-1 US Bank, National Association, as | |
| Legal Title Trustee | |
| 8742 Lucent Boulevard, Suite O | |
| Highlands Ranch, CO 80129 | |
| | |
| and | |
| | |
| RMS Asset Management, LLC | |
| 2800 28th Street, Suite 102 | |
| Santa Monica, CA 90405 | |

**NOTICE TO DEFEND**

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing, in writing with the Court, your defenses or objects to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN BET LEGAL HELP.

PHILADELPHIA COUNTY LAWYER REFERRAL SERVICE
PHILADELPHIA BAR ASSOCIATION
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107
(215) 238-6300

Case ID: 160902701

## **AVISO**

      Le han demandado a usted en la corte. Si usted guiere defenderse de estas deandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forme escrita sus defensas o sus objenciones a las demanandas on contra de su persona. Sea avisado que si usted no se dafiende, suya sin previo aviso o notificacion. Ademas, la corta puede decidir a favor del demandanto y requiere que usted compla con todas las provisiones de esta demanda. Usted puede pedar dinero o sus propiedadas u o tros derachos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAY A EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

      ASSOCIATION DE LICENCIDADOS DE FILADELFIA
      SERVICE DE REFERENCIA E INFORMACION LEGAL
      1101 MARKET STREET, 11TH FLOOR
      PHILADELPHIA PA 19107
      (215) 238-6300

      GILBERT AND THOMSON LAW OFFICES

      _/s/ William F. Thomson, Jr._
      WILLIAM F. THOMSON, JR., ESQUIRE
      Attorney for Plaintiff
      Barbara Rude

Case ID: 160902701

**GILBERT AND THOMSON LAW OFFICES**
BY:  William F. Thomson Jr., Esquire
Attorney I.D.: 44246                              Attorney for Plaintiff
952 Trenton Road
Fairless Hills, PA 19030
 (215) 337-9300

---

| | |
|---|---|
| Barbara Rude | COURT OF COMMON PLEAS |
| 12439 Barbary Road | PHILADELPHIA COUNTY |
| Philadelphia, PA 19154 | |
| | |
| v. | CIVIL ACTION – LAW |
| | |
| GMAT Legal Title Trust | |
| 2013-1 US Bank, National Association, as | |
| Legal Title Trustee | |
| 8742 Lucent Boulevard, Suite O | |
| Highlands Ranch, CO 80129 | |
| | |
| and | |
| | |
| RMS Asset Management, LLC | |
| 2800 28th Street, Suite 102 | |
| Santa Monica, CA 90405 | |

## COMPLAINT

1.   Plaintiff, Barbara Rude, is an adult individual residing at 12439 Barbary Road, Philadelphia, Pennsylvania 19154.

2.   Defendant GMAT Legal Title Trust 2013-1 US Bank, National Association, as Legal Title Trustee (hereinafter "GMAT") is a business entity organized and existing under the laws of the State of Colorado and authorized to do business in the Commonwealth of Pennsylvania with an address of 8742 Lucent Boulevard, Suite O, Highlands Ranch, Colorado 80129.  At all times relevant, GMAT was the legal owner of the property located at 3141 Byberry Road, Philadelphia, Pennsylvania 19154.

Case ID: 160902701

3.  Defendant RMS Asset Management, LLC (hereinafter "RAM") is an affiliate of Residential Mortgage Solutions, LLC, organized and existing under the law of the State of California and authorized to do business in the Commonwealth of Pennsylvania with an address of 2800 28th Street, #102, Santa Monica, California 90405. At all times relevant, RAM was retained by GMAT to provide property management services to GMAT related to the property it owned located at 3141 Byberry Road, Philadelphia, Pennsylvania 19154.

4.  Venue is appropriate in Philadelphia County as it is the county where the incident occurred and the situs is located.

5.  On August 2, 2014, the property located at 3141 Byberry Road, Philadelphia, Pennsylvania was deeded to GMAT Legal Title Trust 2013-1, US Bank, N.A., as Legal Title Trustee by Jewell Williams, Sheriff of the County of Philadelphia, Commonwealth of Pennsylvania. The Deed was recorded on September 4, 2014, Document ID 52824499.

6.  On October 6, 2014, Defendant GMAT owned, operated, possessed and controlled the property located at 3141 Byberry Road, Philadelphia, Pennsylvania 19154, including but not limited to the sidewalk and appurtenances thereto.

7.  On October 6, 2014, Defendant RAM was responsible for the care, maintenance and management of the property located at 3141 Byberry Road, Philadelphia, Pennsylvania 19154, including but not limited to the sidewalk and appurtenances thereto.

8.  At all times relevant the Defendants' agents, servants, workmen, employees and/or other representatives were acting in the scope and course of their employment with the Defendants and in the furtherance of Defendants' business.

9.  On October 8, 2014, and for an unreasonably long period of time prior

thereto, there existed an irregularity, defect and condition of the above described real estate premises consisting of an uneven condition of the sidewalk that was not properly marked or guarded. Said condition constituted a tripping hazard to persons such as the Plaintiff, who was a pedestrian on the aforesaid premises.

10. On Wednesday, October 8, 2014, at approximately 11:45 AM, Plaintiff was lawfully walking on the sidewalk adjacent to the property located at 3141 Byberry Road, Philadelphia, Pennsylvania 19154 when suddenly and without warning she was caused to slip, trip, stumble or otherwise lose her balance and fall to the ground by reason of coming into contact with the above described defective condition that existed on the property.

11. The Defendants had a legal duty to maintain the Byberry Road property, including the sidewalks and surrounding area in a reasonably safe condition for pedestrians.

12. The Defendants violated the aforesaid legal duty to pedestrians, including Plaintiff, by allowing and permitting a defective condition to exist and remain on the premises.

13. As a result of her fall, Plaintiff sustained serious personal injuries as set forth more fully hereinafter.

14. The aforesaid incident was due solely to the negligence, recklessness and carelessness of the Defendants as set forth more fully below, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

15. The carelessness, recklessness and negligence of the Defendants by and

through their agents, servants, workmen, employees or other representatives consisted of and included, but is not limited to, the following:

(a)     allowing, causing or permitting an unsafe condition to exist on said sidewalk at the aforesaid location, of which said Defendants knew or should have known of, by exercise of reasonable care;

(b)     allowing a highly dangerous and defective condition of disrepair to exist on the sidewalk which created a reasonably foreseeable risk of kind of injuries which Plaintiff sustained;

(c)     failing to properly maintain the sidewalk in front of 3141 Byberry Road, Philadelphia in violation of the local laws and ordinances with regard to the maintenance of sidewalks, so as to prevent injury and safeguard persons lawfully on the property;

(d)     failing to inspect the property and discover that a dangerous condition was present and failing to remedy the defective condition despite having a reasonable opportunity to do so, since the condition had existed prior to Plaintiff's fall;

(e)     failing to remedy and correct said dangerous condition of which Defendants were aware or should or could have been aware and knew or should have known would constitute a danger to pedestrians lawfully walking thereon, including Plaintiff;

(f)     failing to exercise reasonable care in keeping the premises in a reasonably safe condition for contemplative uses;

(g)     failing to properly mark and designate the area where Plaintiff fell as an

Case ID: 160902701

unsafe area and place warnings and/or barriers and/or barricades in and around the area of the defect so as to give Plaintiff notice and warning of the presence of a defective and unsafe condition to prevent the occurrence heretofore recited;

(h)     allowing and permitting the aforesaid defect and/or dangerous condition to develop and remain on the premises so as to constitute a danger, nuisance, snare or trap for pedestrians lawfully on the premises, one of whom was Plaintiff;

(i)     failing to warn Plaintiff of the aforesaid dangerous, hazardous and defective condition;

(j)     being otherwise negligent at law;

(k)     being otherwise negligent, careless and reckless in its acts and omissions;

(l)     performing such other negligent acts or failing to act, in a manner that constitutes negligence, as may be disclosed in discovery or adduced at the time of trial;

(m)     violating Philadelphia ordinances and laws regarding the maintenance of sidewalks, the Philadelphia Property Code, and BOCA National Property Maintenance Code, such that Defendants are negligent per se.

(n)     having actual and/or constructive knowledge prior to the time of Plaintiff's fall, that there was a dangerous and defective condition on the sidewalk in front of the premises and failing to remedy the condition despite knowledge of the defective condition;

(o)     failing to use due care under the circumstances.

15.     As a direct and proximate result of the negligence, carelessness and

recklessness and other liability producing conduct of the Defendants as set forth above, Plaintiff suffered serious, severe and disabling injuries including, but not limited to, an ankle fracture and tendonitis and right knee injuries, by reason of which she was rendered sore, lame and incapacitated and she suffered great pain and mental anguish.

16. Plaintiff continues to experience pain and suffering from these injuries and expects this will continue for an indefinite time in the future.

17. As a direct and proximate result of Defendant's negligence, carelessness and recklessness as aforesaid, Plaintiff has been and may in the future, be obliged to receive and undergo medical treatment and care and expend various sums of money for medicines, medical attention, hospitalizations, treatment, testing, rehabilitation and physical therapy to attempt to treat and cure herself of the injuries sustained, all to her great financial loss and detriment.

18. As a direct and proximate result of Defendant's negligence, carelessness and recklessness as aforesaid, Plaintiff has been prevented and will be prevented in the future from performing her usual duties, activities, occupations and avocations, to her great loss and detriment.

19. As a direct and reasonable result of Defendant's negligence, carelessness and recklessness as aforesaid, Plaintiff has or may hereafter incur other financial losses or expenses.

20. As a direct and reasonable result of Defendant's negligence, carelessness and recklessness as aforesaid, Plaintiff has in the past and may in the future, suffer physical pain, disfigurement, scarring, mental anguish, inability to enjoy the normal pleasures of life,

Case ID: 160902701

restrictions on her ability to engage in normal activities and other intangible losses, all to her great loss and detriment.

21.    The negligence of Defendants jointly and severally as stated herein was the proximate cause or factual cause of the injuries/damages sustained by Plaintiff as set forth above.

WHEREFORE, Plaintiff, Barbara Rude, demands judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000) plus interest and costs and delay damages.

GILBERT AND THOMSON LAW OFFICES

_____
WILLIAM F. THOMSON, JR., ESQUIRE
Attorney for Plaintiff
Barbara Rude

## VERIFICATION

I hereby certify that I am an attorney with Gilbert and Thomson Law Offices, counsel for Plaintiff, Barbara Rude. I verify that the statements made in this pleading are true and correct to the best of my knowledge, information and belief based on information provided as representations made by Plaintiff, who was unavailable at this time to provide this Verification. I understand that false statements made therein are subject to the penalties of 18 Pa. C.S.A., Section 4904 relative to unsworn falsifications to authorities.

Date: 9-23-16

WILLIAM F. THOMSON, JR., ESQUIRE
Attorney for Plaintiff

Case ID: 160902701